IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KEVIN JACOBS                                                                                    PETITIONER

VS.                              4:06-CV-00126-WRW
                                 4:94-CR-00187-01-WRW

UNITED STATES OF AMERICA                                                        RESPONDENT

### ORDER

Petitioner has filed a second motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Petitioner asserts that his Sixth Amendment rights were violated his criminal sentence was enhanced based on facts that had not been decided by a jury beyond a reasonable doubt, as mandated by the Supreme Court's ruling in *United States v. Booker*.[1]

### I.    BACKGROUND

A jury convicted Petitioner of conspiracy to commit bank robbery (Count I) and bank robbery (Count II). On August 7, 1995, Petitioner was sentenced to 60 months on Count I and 300 months on Count II, to run concurrently, but consecutively to the undischarged term of imprisonment in the California Department of Correction. The Eighth Circuit Court of Appeals affirmed the district court judgment.

In this § 2255 motion, Petitioner asserts that his sentence violates the Sixth Amendment jury trial guarantees because he received an enhancement at sentencing based on facts that were not proved to a jury beyond a reasonable doubt.

---

[1] 125 S.Ct. 738 (2005).

There is no dispute in this case that Petitioner's conviction became final well before *Blakely* and *Booker* were decided;[2] therefore the issue here is only whether Petitioner is entitled to the benefit of *Booker* on collateral review.

## II.   DISCUSSION

### A.   Successive § 2255 Motion

This is Petitioner's second § 2255 motion.  As amended in April 1996 by the Antiterrorism and Effective Death Penalty Act, § 2255 requires that all successive § 2255 motions be certified by the appropriate court of appeals before they are considered by the district courts.  Because Petitioner failed to obtain certification from the Eighth Circuit Court of Appeals, his motion must be dismissed for lack of jurisdiction.[3]

### B.   *Blakely* and *Booker*

Even if this Court had jurisdiction, Petitioner's motion would be denied.  For Petitioner to pursue this claim, the rights identified in *Blakely* and *Booker* must be "retroactively applicable to cases on collateral review."[4]  Petitioner asserts that the rulings in *Blakely* and *Booker* are to be applied retroactively to cases on collateral review.  However, the Eighth Circuit has ruled that

---

[2]*See Sweet v. Delo*, 125 F.3d 1144, 1155 (8th Cir. 1997) (Supreme Court's denial of certiorari fixes point of finality of conviction).  *See also United States v. McIntosh*, 332 F.3d 550 (8th Cir. 2003) (citing *United States v. Marcello*, 212 F.3d 1005, 1008 (7th Cir. 2000) (conviction became final, thus triggering one-year limitations period for § 2255 motion, on date Supreme Court denied certiorari petition following direct appeal, and not on date denial of certiorari was filed and docketed with court of appeals)).

[3]*Boykin v. U.S.*, 242 F.3d 373 (8th Cir. 2000).

[4]28 U.S.C. § 2255(3).

"the 'new rule' announced in *Booker* does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings."[5]

Because *Blakely* and *Booker* do not constitute newly recognized rights by the Supreme Court "made retroactively applicable to cases on collateral review," Petitioner's § 2255 motion is procedurally barred as to his *Blakely* and *Booker* claims.

## CONCLUSION

Because Petitioner has failed to obtain certification from the Eighth Circuit Court of Appeals to file his successive § 2255 motion, this Court lacks jurisdiction. Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct his sentence under 28 U.S.C. § 2255 is DENIED, and this case is DISMISSED.

IT IS SO ORDERED 2nd day of March, 2006.

/s/ Wm. R.Wilson,Jr.
UNITED STATES DISTRICT JUDGE

---

[5]*Never Misses A Shot v. U.S.*, 413 F.3d 781, 783 (8th Cir. 2005).